UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANGELO VELEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00614-JPH-DLP |
| | ) | |
| DICK BROWN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint, Dismissing Claims, and Directing Service of Process**

Angelo Velez, Jr., an Indiana Department of Correction inmate incarcerated at the Wabash Valley Correctional Facility, filed this 42 U.S.C. § 1983 action on December 19, 2019. Dkt. 1. He has recently been granted *in forma pauperis* status, dkt. [4], and the Court now screens his complaint.

**I. Screening Standard**

Because Mr. Velez is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915(A)(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se*

1

pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Velez's Complaint

In his complaint, Mr. Velez names as defendants: (1) Dick Brown[1]; (2) B. Riggs; (3) Correctional Officer Miller; (4) Lt. Ewers; (5) Sgt. Chambers; and (6) Indiana Department of Correction (IDOC). Dkt. 1. Mr. Velez asserts he was denied proper medical care for an injury to his left foot and knee. *Id.* Mr. Velez seeks compensatory damages.

Mr. Velez asserts that on September 20, 2019, he sustained an injury to his left foot, was ordered to medical for an observation, and was seen by medical staff member, B. Riggs. *Id.* at 2. Mr. Velez states that B. Riggs prescribed crutches and pain relievers, ordered an x-ray, and instructed Mr. Velez not to bear any weight on his left foot. *Id.* Mr. Velez alleges that when he told B. Riggs that he was housed in an upstairs unit and on a top bunk, she told him that she would look in the computer. *Id.* at 3. She then ordered him to return to his housing unit. *Id.*

Mr. Velez alleges that he advised Lt. Ewers of his upstairs housing assignment but received no assistance from him. *Id.* Further, Mr. Velez states that Correctional Officer Miller observed him struggling to use the stairs using crutches multiple times but did nothing to assist. *Id.* at 3-4. Around 1 or 2 p.m., Mr. Velez fell down the stairs and was again taken to medical. *Id.* at 4. He was x-rayed, and it showed that he had a left foot Jones fracture—a break between the base and middle part of the fifth metatarsal of the foot. *Id.* He was prescribed a walking boot in addition to crutches, and by this time his bed movement had been made. *Id.* at 4.

On October 6, 2019, roughly two weeks after Mr. Velez's foot injury, he alleges he was struggling to shower while on crutches without a handicap shower chair which resulted in a fall

---

[1] Richard Brown is the Warden of Wabash Valley Correctional Facility.

causing additional pain to his left foot, left knee, and the side of his neck. *Id.* at 5. Mr. Velez contends that he was not issued a handicap shower chair at the time of his diagnosed fracture and that Sgt. Chambers did nothing to assist him when he requested a chair, telling him the chair had been issued to someone else. *Id.*

### III. Discussion

Applying the screening standard to the factual allegations in the complaint, only some claims shall proceed. The Court construes Mr. Velez's claims against defendants B. Riggs, Correctional Officer Miller, Lt. Ewers, and Sgt. Chambers as being brought under 42 U.S.C. § 1983. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of law deprived him or her of a right secured by the United States Constitution or laws. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010).

**A. Dismissed Claims**

**1. B. Riggs**

Mr. Velez alleges that B. Riggs was deliberately indifferent to his serious medical need of a fractured foot. Dkt. 1 at 4. Yet according to his complaint, on the date of his injury, B. Riggs ordered an x-ray, prescribed crutches, a walking boot, and pain medication, and stated that she would check the computer regarding his housing unit assignment. *Id.* at 3. Though the Court notes that Mr. Velez alleges B. Riggs "ordered [him] to return to [his] housing unit[,]" the Court cannot reasonably infer that B. Riggs ordered Mr. Velez to go directly to his bed, to walk up and down the stairs multiple times, or to jump up and down from his top bunk. *Id.* at 3. Moreover, Mr. Velez received a bed move within a minimal and reasonable number of hours. Therefore, the Court finds Mr. Velez has not stated a viable deliberate indifference claim regarding his broken foot against B. Riggs.

Further, Mr. Velez states B. Riggs "was careless and negligent for failing to order [him]" a handicap shower chair "knowing that [plaintiff] would have to shower, and a medical handicap shower chair was a serious medical need to [a] foot injury." *See* dkt. 1 at 5. "Federal courts have adopted the view that slippery surfaces and showers in prison, without more, cannot constitute a hazardous condition of confinement" such that it would violate the Eighth Amendment. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014); *see also Anderson v. Morrison*, 835 F.3d 681, 682 (7th Cir. 2016). Mr. Velez does not allege that he requested a handicap shower chair from B. Riggs or the medical staff. The Court finds that Mr. Velez's assertion that B. Riggs should have known he would need such equipment does not supply the "more" required to state an Eighth Amendment claim. Moreover, negligence alone is not sufficient to support a § 1983 claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

All claims against medical staff member B. Riggs are **dismissed for failure to state a claim upon which relief can be granted.**

**2. Warden Brown**

There are no factual allegations of wrongdoing against Warden Brown. Rather, a claim is brought against him based on his supervisory position for breaching his duty as Warden "to provide safe and reasonable living conditions for [the] prisoner." Dkt. 1 at 5-6. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out

their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The claim against Warden Brown **is dismissed for failure to state a claim upon which relief can be granted.**

### 3. IDOC

Mr. Velez asserts that the IDOC was negligent and breached its duty to provide a safe and reasonable living environment for him. Dkt. 1 at 6. Mr. Velez's claim against the IDOC is barred by the Eleventh Amendment. A suit against a state agency is treated as a suit against the state itself for Eleventh Amendment purposes, and the Eleventh Amendment immunizes an unconsenting state from suits for damages in federal court. *Smith v. Utah Valley Univ.*, 619 Fed. Appx. 559, 560 (7th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)); *see Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done.").

In relation to the IDOC, the Court has also *sua sponte* considered whether Mr. Velez's allegation of the lack of accessibility to a handicap shower chair states a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (ADA), or the Rehabilitation Act, 29 U.S.C. § 794 (RA). To state an RA claim, an inmate must allege "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros v. Ill. Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B) and other cases). Though Mr. Velez refers to his fractured foot as a disability, his condition does not meet this essential element to bring an ADA or RA claim because "intermittent, episodic impairments such as broken limbs . . . are not disabilities" under the ADA. *See, e.g., Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 767 (7th Cir. 2002) (citing *Vande Zande v. Wis. Dep't of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995) (referring specifically to a broken leg as the "standard example" of an intermittent, episodic

impairment that is not a disability)); *see also Novak v. Bd. Trs. S. Ill. Univ.*, 777 F.3d 996, 976 (7th Cir. 2015) (establishing a prime facie showing under the ADA or RA is nearly identical).

Therefore, any claims against the IDOC are **dismissed for failure to state a claim upon which relief can be granted**.

## B. Claims that Shall Proceed

### 1. Lt. Ewers and Correctional Officer Miller

Mr. Velez alleges that he told Lt. Ewers that he struggled with using the stairs and had almost fallen multiple times, but that Lt. Ewers said there was nothing that he could do. Mr. Velez alleges that Correctional Officer Miller saw him struggling to go up and down the stairs on crutches but took no action to assist him. Mr. Velez's Eighth Amendment deliberate indifference claims against Lt. Ewers and Correctional Officer Miller **shall proceed.**

### 2. Sgt. Chambers

Mr. Velez alleges that Sgt. Chambers failed to assist him in obtaining a handicap shower chair despite his multiple requests. Mr. Velez's Eighth Amendment deliberate indifference claim against Sgt. Chambers **shall proceed.**

## IV. Issuance of Process

**The clerk is directed** to issue process to defendants (1) Lt. Ewers, (2) Correctional Officer Miller, and (3) Sgt. Chambers, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The **clerk is directed** to serve the IDOC employees electronically.

## V. Conclusion and Further Proceedings

This action will proceed with Mr. Velez's Eighth Amendment claims against Lt. Ewers, Correctional Officer Miller, and Sgt. Chambers. **All other claims are dismissed**. The **clerk is directed** to update the docket to reflect that all other defendants have been terminated.

The claims discussed in Part III, B are the only claims the Court identified in the complaint. If Mr. Velez believes he asserted claims that are not discussed in Part III, he **shall have through May 8, 2020**, to notify the Court.

The **clerk is directed** to issue process to the defendants according to Part IV above.

**SO ORDERED.**

Date: 4/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANGELO VELEZ, JR.
220728
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:

    Lt. Ewers
    Correctional Officer Miller
    Sgt. Chambers